MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney
  450 Golden Gate Ave., Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7200
  Fax: (415) 436-7234
  E-Mail: cynthia.frey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VICTOR SANTOS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 11-0440 MMC <br><br> STIPULATION AND [PROPOSED] <br> PROTECTIVE ORDER RE: <br> RECORDINGS |

With the agreement of the parties, and with the consent of defendant, the Court enters the following Order:

Defendant is charged with in the Superseding Indictment with: three counts of Felon in Possession of Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1); Unlawful Transfer of a Firearm, in violation of Title 26, United States Code, Section 5861(e); Unlawful Trafficking of Firearms in violation of Title 18, United States Code, Section 922(a)(1); Possession With Intent to Distribute Marijuana in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(D); and Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). Pursuant to defendant's requests, the United States will produce copies of the audio and video recordings

of the alleged incidents at issue (hereinafter "RECORDINGS") to defense counsel, in lieu of making them available for review only, pursuant to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendant, the RECORDINGS shall be maintained in a locked, safe, and secure drawer, cabinet, or safe or password-protected electronic device (*e.g.*, computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s). Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the RECORDING except as set forth below.

2. The following individuals may examine the RECORDINGS for the sole purpose of preparing the defense of defendant and for no other purpose:

    a) Counsel for defendant;

    b) Members of defense counsel's law office who are assisting with the preparation of defendant's defense;

    c) Defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph, (defendant may not take or maintain the RECORDINGS or copies thereof);

    d) Investigators retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the RECORDINGS, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

3. A copy of this Order shall be maintained with the RECORDINGS at all times.

4. All individuals, other than defense counsel and defendant, who receive access to the RECORDINGS, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the RECORDINGS and information

for the purposes of preparing a defense for defendant;

        d)     they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall either (1) send signed copies of the Order to counsel for the United States or (2) file signed copies of the Order, *ex parte* and under seal. The United States shall have no access to the signed copies filed under seal without further order of the Court.

    5.     No other person may be allowed to examine the RECORDINGS without further order of the Court. Examination of the RECORDINGS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

    6.     The RECORDINGS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

    7.     If the RECORDINGS is attached to any pleadings, the RECORDINGS shall be filed or lodged under seal.

    8.     The defense team shall return the RECORDINGS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

    9.     After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the RECORDINGS. The United States will maintain the RECORDINGS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the RECORDINGS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the RECORDINGS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

STIPULATION AND PROPOSED ORDER
CR 11-0440 MMC

| | |
|---|---|
| SO STIPULATED: | MELINDA HAAG<br>United States Attorney |
| DATED: May 22, 2012 | /s/<br>CYNTHIA M. FREY<br>Assistant United States Attorney |
| DATED: May 22, 2012 | /s/<br>STEVE TEICH<br>Attorney for VICTOR SANTOS |

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above. Further, any party seeking to file the RECORDINGS under seal shall comply with Civil Local Rule 79-5. <u>See</u> Crim. L.R. 55-1(b).

DATED: May 23, 2012

HONORABLE MAXINE M. CHESNEY
United States Magistrate Judge

STIPULATION AND PROPOSED ORDER
CR 11-0440 MMC